IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL STALKER, #Y30465, <br><br> Plaintiff, <br><br> v. <br><br> WEXFORD HEALTH SOURCES, INC., CHAD JENNINGS, and PHIL MARTIN, <br><br> Defendants. | Case No. 24-cv-01118-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Daniel Stalker, an inmate of the Illinois Department of Corrections (IDOC), filed this lawsuit pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred at Robinson Correctional Center. The Complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, meritless, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Plaintiff alleges that he has orthopedic issues with his left and right shoulders. (Doc. 1, p. 7). Since his arrival at Robinson Correctional Center in October 2021, he has sought and been denied medical treatment for his condition. He states that in 2021, it was recommended and

approved for him to see an orthopedic surgeon, but as of filing this Complaint, the appointment has not been scheduled. (*Id.* at p. 5). Because his condition remains untreated, Plaintiff asserts that he has experienced worsening symptoms and pain.

Plaintiff states that he is only seeking injunctive relief and asks the Court to order Defendants to provide him medical treatment. (Doc. 1, p. 4).

## DISCUSSION

Based on the allegations of the Complaint, the Court finds it convenient to designate the following count:

> **Count 1:** Eighth Amendment deliberate indifference claim for injunctive relief against Wexford Health Sources, Inc., Jennings, and Martin for delaying and/or denying Plaintiff adequate medical care for his shoulder conditions.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

Plaintiff claims that Wexford Health Sources, Inc. (Wexford) maintains a policy of delaying and denying needed medical care in order to maximize profits. Because of this policy, he has not been sent to see an orthopedic surgeon, which was a recommendation made back in 2021. (Doc. 1, p. 5). These allegations are sufficient for Count 1 to proceed against Wexford. *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014)

Count 1 will also proceed against Warden Chad Jennings in his official capacity. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) ("[T]he warden ... is a proper defendant [for] injunctive relief [and is] responsible for ensuring that any injunctive relief is carried out.").

---

[1] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Because suing an official in his or her official capacity is tantamount to suing the government entity itself, allowing Plaintiff to also proceed against the health care unit administrator, Phil Martin, in his official capacity would be redundant. Thus, Count 1 is dismissed as to Martin, and he shall be terminated from this suit.

To the extent Plaintiff is suing Defendants for injunctive relief in their individual capacities, Count 1 is dismissed as to all Defendants, "[a]s injunctive relief against a state official may be recovered only in an official capacity suit." *Hill v. Shelander,* 924 F. 2d 1370, 1374 (7th Cir. 1991). *See also Moran v. Chi. Police Dep't,* No. 93 C 4551, 1994 WL 323246, at *2 (N.D. Ill. June 30, 1994); *Ocampo v. Harris,* No. 22-cv-01972, 2023 WL 6388234, at *2 n. 6 (N.D. Ill. Sept. 30, 2023).

### REQUEST OF IMMEDIATE MEDICAL TREATMENT

In the Complaint, Plaintiff requests for the Court to issue an order compelling Defendants to "promptly transport [him] to an orthopedic surgeon." Plaintiff states that he will suffer irreparably injury in the form of permanent disability without an injunction. (Doc. 1, p. 5). The Court construes Plaintiff's request as seeking a preliminary injunction.

The Court will **DEFER** ruling on the request for emergency injunctive relief at this time. **Defendants are ORDERED to respond to the request for a preliminary injunction within 14 days of service.**

### DISPOSITION

For the reasons stated above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** will proceed against Wexford Health Sources, Inc. and Warden Jennings. All claims against Martin are **DISMISSED.** The Clerk of Court is **DIRECTED** to terminate Martin as a defendant.

Because Plaintiff's claims involve his medical care, the Clerk of Court is **DIRECTED** to

enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court **SHALL** prepare for Wexford Health Sources, Inc. and Warden Chad Jennings the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to defendants' place of employment. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants should respond to the issues stated in this Merit Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of

prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   May 20, 2024**

                                                           *s/Stephen P. McGlynn*
                                                           **STEPHEN P. MCGLYNN**
                                                           **United States District Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.